IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TINA JOHNSON, | ) |
|         Plaintiff, | ) Case No. 4:21-cv-25 |
| v. | ) Circuit Court of Jackson County, |
| | ) Missouri, Case No. 2016-CV21796 |
| QUIKTRIP CORPORATION, | ) |
|         Defendant. | ) <u>JURY TRIAL DEMANDED</u> |

## <u>NOTICE OF REMOVAL</u>

TO: The Honorable Judges of the United States District Court for the Western District of Missouri; and

Edward A. Williams
4310 Madison Avenue, Suite 202
Kansas City, MO 64111
ed@edawilliamslaw.com
*Attorney for Plaintiff*

PLEASE TAKE NOTICE that Defendant QuikTrip Corporation ("QT"), by and through counsel, hereby removes the above-captioned action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Removal to this Court is proper under 28 U.S.C. §§ 1441, 1446 and 1332(a). Removal is based on the grounds that follow.

### DIVERSITY OF CITIZENSHIP

1. On October 16, 2020, the above-captioned case was commenced by Plaintiff in the Circuit Court of Jackson County, Missouri, Case No. 2016-CV21796.

2. Summons was issued to QT and service of process was effectuated. A complete copy of the State Court file is attached hereto as **Exhibit A**.

3. Plaintiff alleges she sustained personal injuries from slip and fall on water during or after a rain storm at a QT store on or about May 21, 2019. She alleges that QT failed to exercise reasonable care to protect Plaintiff against this condition. (*See* Exhibit A, Petition, ¶¶ 4-15).

4. Plaintiff is a resident of the state of Missouri. (*See* Exhibit A, Petition, ¶1).

5. QT is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

6. Complete diversity of citizenship, therefore, exists for purposes of 28 U.S.C § 1332.

## AMOUNT IN CONTROVERSY

7. Plaintiff's Petition for Damages does not allege a specific monetary amount she seeks for damages beyond requesting judgment "in a reasonable amount and in excess of $25,000, for her costs and expenses incurred herein and for such further relief as is deemed just and equitable." (*See* Exhibit A, Petition, "Wherefore" clause).

8. Plaintiff alleges broadly that the incident resulted in injuries to her right wrist, right leg, and shin, which include past and future medical bills, pain and suffering, loss of enjoyment of life, and lost wages. (*See* Exhibit A, Petition, ¶18). Plaintiff's Petition does not provide any additional detail about the specific nature and extent of her claimed injuries.

9. QT served its First Set of Interrogatories on Plaintiff on December 4, 2020. *See* Exhibit A, Certificate of Service). Plaintiff answered on January 4, 2021. *See* Exhibit A, Certificate of Service). In response to QT's Interrogatory asking Plaintiff to "[l]ist each and every item of damages for which you are making a claim in this lawsuit," Plaintiff identified $100,812 in "medical billing to date." (*See* Plaintiff's Answers to Defendant QT's First Set of

Interrogatories, No. 2, attached hereto as **Exhibit B**). *See Harvel v. Shadow Creek, LLC*, 2015 WL 181716, at *1-2 (W.D. Mo. Jan. 14, 2015) (discovery revealing over $80,000 in medical bills satisfies amount in controversy requirement); *Tucker v. Wal-Mart Stores, Inc.*, 2006 WL 1134712, at *1-3 (E.D. Mo. April 26, 2006) (medical bills exceeding $100,000 were sufficient to establish amount in controversy).

10. As additional evidence that the amount in controversy exceeds the jurisdictional minimum, Plaintiff made a six-figure demand in excess of $75,000. Plaintiff's demand, coupled with the medical bill damages identified above and the nature of her injuries, clearly show that a fact finder could legally award more than $75,000.

11. When assessing the amount in controversy, a court considers evidence including "a plaintiff's conduct and representations, including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disability injuries suffered by the plaintiff." *Neighbors v. Muha*, No. 05472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005). On a January 13, 2020 phone call, Plaintiff declined to stipulate in writing that her damages are not and will not be more than $75,000.

## THIS NOTICE IS PROCEDURALLY PROPER

12. Plaintiff's January 4, 2021 discovery responses are the first time any pleading, motion, order or other paper contained information from which it may be first ascertained that the case is one which is or has become removable.

13. Accordingly, this Notice of Removal is being filed within 30 days after receipt by QT of an "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b)(3). See *Phillips v. Lieffring*, 2017 WL 354289, at

*1-2 (W.D. Mo. 2017) (30-day removal clock started when discovery answers, for the first time, revealed the amount in controversy exceeded $75,000); *Hesser v. Home Depot U.S.A., Inc.*, 2013 WL 1914435, at *2-3 (E.D. Mo. 2013) (where Petition is silent on damages, 30-day clock under §1441(b)(1) does not run; removal is timely within 30-days of defendant first learning amount in controversy is satisfied under §1441(b)(3)).

14. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

15. Pursuant to 28 U.S.C. §1446, QT is filing a Notice of Removal with the Court Administrator for Jackson County, Missouri, and QT will promptly serve the same upon Plaintiff's counsel.

PLEASE TAKE FURTHER NOTICE that, in the event Plaintiff seeks to remand this case or the Court considers remand, *sua sponte*, QT requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, QuikTrip Corporation prays that the above captioned case pending in the Circuit Court of Jackson County, Missouri, be removed to this federal court for further proceedings based on diversity of citizenship jurisdiction, that this court take jurisdiction herein, and for any other and further relief as this court deems just and proper.

ARMSTRONG TEASDALE LLP

By: /s/ *Brian M. Nye*
    Karrie J. Clinkinbeard   MO #51413
    Brian M. Nye            MO #69545
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (Facsimile)
    kclinkinbeard@atllp.com
    bnye@atllp.com

ATTORNEYS FOR DEFENDANT QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 13, 2021, a true and accurate copy of the foregoing document was served upon the following via electronic mail:

Edward A. Williams
4310 Madison Avenue, Suite 202
Kansas City, MO 64111
ed@edawilliamslaw.com
*Attorney for Plaintiff*

                        /s/ *Brian M. Nye*