

## 2016-CV21796 - JOHNSON TINA V QUIKTRIP CORPORATION (E-CASE)

| Case Header FV Sub Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending

Display Options: [ All Entries ▼ ]

---

**01/05/2021** ☐ **Cert Serv Resp Req Prod Doc Th**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** BRIAN NYE
**On Behalf Of:** QUIKTRIP CORPORATION

**01/04/2021** ☐ **Cert Serv Answers Interrog Fil**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** EDWARD ALAN WILLIAMS
**On Behalf Of:** JOHNSON TINA

**12/23/2020** ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** BRIAN NYE
**On Behalf Of:** QUIKTRIP CORPORATION

**12/22/2020** ☐ **Cert Serv of Interrog Filed**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** EDWARD ALAN WILLIAMS
**On Behalf Of:** JOHNSON TINA

**12/04/2020** ☐ **Cert Serv Req Prod Docs Things**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** BRIAN NYE
**On Behalf Of:** QUIKTRIP CORPORATION

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** KARRIE J CLINKINBEARD
**On Behalf Of:** QUIKTRIP CORPORATION

☐ **Answer Filed**
DEFENDANT QUIKTRIP CORPORATIONS ANSWER; Electronic Filing Certificate of Service.
**Filed By:** BRIAN NYE
**On Behalf Of:** QUIKTRIP CORPORATION

**11/18/2020** ☐ **Notice of Service**
Affidavit of Service.
**Filed By:** EDWARD ALAN WILLIAMS
**On Behalf Of:** JOHNSON TINA

**EXHIBIT A**

☐ **Corporation Served**

Document ID - 20-SMCC-10294; Served To - QUIKTRIP CORPORATION; Server - ; Served Date - 12-NOV-20; Served Time - 10:19:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED TO BONNIE CAVE

**11/10/2020** ☐ **Summons Issued-Circuit**

Document ID: 20-SMCC-10294, for QUIKTRIP CORPORATION.

**11/06/2020** ☐ **Order - Special Process Server**

☐ **Motion Granted/Sustained**

    **Associated Entries:** 10/16/2020 - **Motion Special Process Server** ⊞

**10/30/2020** ☐ **Application Filed**

Application and Affidavit For Placement on List of Approved Process Servers.

    **Filed By:** EDWARD ALAN WILLIAMS
    **On Behalf Of:** JOHNSON TINA

**10/26/2020** ☐ **Correspondence Sent**

Letter to attorney need Affidavit

☐ **Case Mgmt Conf Scheduled**

    **Scheduled For:** 01/25/2021; 9:00 AM ; JOHN M. TORRENCE; Jackson - Kansas City

**10/16/2020** ☐ **Request for Jury Trial Filed**

☐ **Judge Assigned**

☐ **Filing Info Sheet eFiling**

    **Filed By:** EDWARD ALAN WILLIAMS

☐ **Motion Special Process Server**

Motion and Approval for Appointment of Private Process Server.

    **Filed By:** EDWARD ALAN WILLIAMS
    **On Behalf Of:** JOHNSON TINA
    **Associated Entries:** 11/06/2020 - Motion Granted/Sustained

☐ **Summ Req-Circuit Pers Serv**

Request for Summons.

    **Filed By:** EDWARD ALAN WILLIAMS

☐ **Pet Filed in Circuit Ct**

Petition for Damages.

Electronically Filed - Jackson - Kansas City - October 16, 2020 - 04:26 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| **TINA JOHNSON** | ) |
| **7611 Pheasant Court** | ) |
| **Kansas City, MO 64139** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )    **Case No.**_____ |
| **vs.** | ) |
| | )    **Division:**____ |
| **QUIKTRIP CORPORATION** | ) |
|     **Serve: CT Corporation System** | ) |
|        **120 South Central Avenue** | ) |
|        **Clayton, MO 63105** | ) |
| | ) |
|     **Defendant.** | ) |

**Service by Private Process**

## PETITION FOR DAMAGES

Plaintiff, Tina Johnson, by and through undersigned counsel, and for her Petition against

Defendant, QuikTrip Corporation, states as follows:

1.     Plaintiff was, and at all times relevant herein, an individual residing in Kansas

City, Jackson County, Missouri.

2.     On information and belief, Defendant, QuikTrip Corporation, (hereinafter

"QuikTrip") is an Oklahoma Corporation organized and authorized as a fictitious company to

conduct business under the laws of Missouri. Defendant may be served by delivering a summons

and a copy of this Petition to its registered agent, CT Corporation System, at the address in the

caption.

3.     On or about May 21, 2019 at approximately 9:30 a.m., Plaintiff was a business

invitee and patron of the QuikTrip store located at 16501 E. U.S. 40 Highway, Independence,

Jackson County, Missouri.

4.      As Plaintiff entered the store she slipped and fell on accumulated water causing bodily injuries.

5.      That the flooring at that specific location was of a smooth tiled nature.

6.      That there was a rubber mat directly inside the door but not at the exact location where Plaintiff fell.

7.      That it was raining or had recently rained causing patrons to bring in water from the outside.

8.      That there was accumulated water on the flooring where Plaintiff fell.

9.      That Plaintiff slipped and fell on the wet floor falling on her right side and injuring her right wrist, right leg and shin. Plaintiff ultimately required surgery to repair her damaged right wrist.

10.     Defendant knew, or could have known, about the accumulated water on the floor where Plaintiff fell. There were no wet floor signs or other cautions informing patrons such as Plaintiff of the dangerous condition.

11.     As the owner and/or tenant of the premises where Plaintiff was injured, Defendant owed Plaintiff the duty to protect her against any dangerous conditions existing on and around the premise and/or to otherwise warn Plaintiff of such dangers.

12.     Defendant knew, or in the exercise of reasonable care could have known that the area where Plaintiff was injured involved an unreasonable risk of harm to Plaintiff in that the flooring had accumulated water, presumably from other patrons tracking it in from the outside.

13.     The water on the floor presented a dangerous condition to Plaintiff and Defendant knew, or could have known, about this dangerous condition.  At the very least, Defendant had a duty to warn Plaintiff of this condition and failed to do so.

14.     Defendant should have expected that Plaintiff would not realize the above dangers or otherwise not be expected to protect herself against the dangers.

15.     Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous conditions.

16.     As a direct and proximate result of the unreasonably dangerous conditions of Defendant's property, Plaintiff suffered injuries and damages and described above.

18.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries to her right wrist, right leg and shin, and incurred damages in the nature of present and continuing medical bills, pain and suffering and loss of enjoyment of life.  Such damages may continue to occur in the future. Furthermore, Plaintiff missed work directly after the accident and after her wrist surgery.

WHEREFORE, Plaintiff requests judgment against the Defendant in a reasonable amount and in excess of $25,000.00, for her costs and expenses incurred herein and for such further relief as is deemed just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all issues in this matter.


Respectfully submitted,


 /s/ Edward A. Williams
Edward A. Williams MO Bar #35369
4310 Madison Avenue, Suite 202
Kansas City, MO 64111
(816) 421-3400
FAX (816) 4212420
ed@edawilliamslaw.com
ATTORNEY FOR PLAINTIFF

3

Electronically Filed - Jackson - Kansas City - October 16, 2020 - 04:26 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **TINA JOHNSON** | ) | |
| **7611 Pheasant Court** | ) | |
| **Kansas City, MO 64139** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No.**_____ |
| **vs.** | ) | |
| | ) | **Division:**____ |
| **QUIKTRIP CORPORATION** | ) | |
| **Serve: CT Corporation System** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Service by Private Process Server**

## MOTION FOR APPROVAL AND
## APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through her attorney of record, and for her Motion for Approval and Appointment of Private Process Server, and requests that David Conder of Preserve Investigations, 4740 Candleglow Drive, St. Louis, MO 63129 who is a qualified person to serve process, is not a party and is not less than eighteen (18) years of age, as private process server in the above cause to serve process in this case.

Respectfully submitted,

  /s/ Edward A. Williams_____
Edward Williams MO Bar #35369
4310 Madison Avenue, Suite 202
Kansas City, MO 64111
(816) 421-3400
FAX (816) 4212420
ed@edawilliamslaw.com

ATTORNEY FOR PLAINTIFF

**<u>ORDER</u>**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____          _____

                                                                      Judge or Clerk

2

Electronically Filed - Jackson - Kansas City - October 16, 2020 - 04:26 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **TINA JOHNSON** | ) | |
| **7611 Pheasant Court** | ) | |
| **Kansas City, MO 64139** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No.**_____ |
| **vs.** | ) | |
| | ) | **Division:**\_\_\_\_ |
| **QUIKTRIP CORPORATION** | ) | |
| **Serve: CT Corporation System** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Service by Private Process**

## REQUEST FOR SUMMONS

COMES NOW Plaintiff, by and through her attorney of record, Edward A. Williams and requests this Court to issue a summons for service of Plaintiff's Petition upon defendant, QuikTrip Corporation, through private process service, by performing the service of process at the following service address:

**QuikTrip Corporation**
**Registered Agent: CT Corporation System**
**120 South Central Avenue**
**Clayton, Missouri 63105**

Respectfully submitted,

\_/s/ Edward A. Williams_____
Edward Williams MO Bar #35369
4310 Madison Avenue, Suite 202
Kansas City, MO 64111
(816) 421-3400

FAX (816) 4212420
ed@edawilliamslaw.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - October 16, 2020 - 04:26 PM

2

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY ☐ AT INDEPENDENCE

**RE**: **JOHNSON TINA V QUIKTRIP CORPORATION**
**CASE NO:** **2016-CV21796**

**TO:** **EDWARD ALAN WILLIAMS**
**4310 MADISON AVENUE**
**2ND FLOOR**
**SUITE 202**
**KANSAS CITY, MO 64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>10-16-20</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** **When a process server has not been approved by this court an Affidavit must be filed for approval. Any questions, please call 881-1370.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**<u>If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.</u>**

**Please refer to the Court's website at <u>www.16thcircuit.org</u> for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed OCTOBER 26, 2020 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

By _~~Cheryl Smalley~~_

____OCTOBER 26, 2020____
Date

Deputy Court Administrator
☒ 415 East 12th St., Kansas City, Missouri 64106
☐ 308 W. Kansas, Independence, Missouri 64050

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

JOHNSON TINA,

          **PLAINTIFF(S),**           **CASE NO.** 2016-CV21796

**VS.**                                **DIVISION 14**

QUIKTRIP CORPORATION, **ET AL**

          **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JOHN M. TORRENCE on 25-JAN-2021 in DIVISION 14 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

        a.       A trial setting;

        b.       Expert Witness Disclosure Cutoff Date;

        c.       A schedule for the orderly preparation of the case for trial;

        d.       Any issues which require input or action by the Court;

        e.       The status of settlement negotiations.

Case 4:21-cv-00025-LMC   Document 1-1   Filed 01/13/21   Page 11 of 32

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ JOHN M. TORRENCE**
JOHN M. TORRENCE**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
EDWARD ALAN WILLIAMS, 4310 MADISON AVENUE, 2ND FLOOR, SUITE 202, KANSAS CITY, MO 64111

Defendant(s):
QUIKTRIP CORPORATION

Dated: 26-OCT-2020

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - October 30, 2020 - 03:10 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **TINA JOHNSON** | ) | |
| **7611 Pheasant Court** | ) | |
| **Kansas City, MO 64139** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No.** __2016-CV21796__ |
| **vs.** | ) | |
| | ) | **Division:** _14_ |
| **QUIKTRIP CORPORATION** | ) | |
| **Serve: CT Corporation System** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Service by Private Process Server**

01-28-2010
This form is continually reviewed for needed revisions.  Please bookmark the appropriate court webpage and download this form each year to ensure that you have the most current form.
Case 4:21-cv-00025-LMC   Document 1-1   Filed 01/13/21   Page 13 of 32

**APPLICATION AND AFFIDAVIT FOR PLACEMENT ON**
**LIST OF APPROVED PRIVATE PROCESS SERVERS**

This form must be completed in its entirety in order to be considered for approval. Incomplete forms will be returned without explanation.

**Process Server's Information:**

Legal Name: _David Conder_

Current Address: _4740 Candleglow_

City/State/Zip: _St Louis_          Telephone Number: _314-397-0952_

Primary occupation: _Process Server / Private Investigator._

Name of employer: _Proserve Investigations_

Percentage of work allocated to service of process: _75%_

Please describe your experience and background in performing service of process: _Licensed Server_
_22nd Circuit Since 2012 Approved to serve process Jefferson St Charles Franklin_
_Counties Missouri Approved to serve process in St Louis, Warren, Warren County Ill_
_Licensed Private Investigator Missouri_

I, _David Conder_, being duly sworn under oath and penalty of perjury
(Name of Process Server)

do hereby state that I meet the following qualifications:

(Indicate with your hand-written initials each qualification that applies.)

_DC_ I am at least eighteen (18) years of age;

_DC_ I am a citizen of the United States;

_DC_ I have a high school diploma or equivalent;

_DC_ I have not plead guilty or been convicted of a felony or a misdemeanor involving moral turpitude;

_DC_ I am not a fugitive from justice or charged with a felony or a misdemeanor involving moral turpitude;

_DC_ I am not related to or employed (except as a private process server) by a party in the action;

_DC_ I am of good moral character;

_DC_ I will not serve process in any jurisdiction unless I am authorized by law to serve process within the jurisdiction where such service is made; and

_DC_ I have not been disqualified by any court to act as a process server within the preceding twelve (12) months.

_____
Process Server's Signature

STATE OF MISSOURI          )
                           ) SS.
COUNTY OF JACKSON          )

Subscribed and sworn to before me on _October 28 2020_

_____
Notary Public

My Commission Expires: _3-15-2023_

JANE CONDER
NOTARY SEAL
SEAL OF MO
My Commission Expires
March 15, 2023
St. Louis County
Commission #

Note:  It is a Class A Misdemeanor to make a false affidavit for the purpose of misleading a public servant.
       Section 575.050 RSMo

01-28-2010

This form is continually reviewed for needed revisions. Please bookmark the appropriate court webpage and download this form each year to ensure that you have the most current form.

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

TINA JOHNSON )
7611 Pheasant Court )
Kansas City, MO 64139 )
 )
  Plaintiff, )
 )
 )  **Case No. 2016-CV21796**
 vs. )
 )  **Division: 14**
QUIKTRIP CORPORATION )
 Serve: CT Corporation System )
  120 South Central Avenue )
  Clayton, MO 63105 )
 )
  Defendant. )

**FILED**
**DIVISION 14**
06-Nov-2020 16:30
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _Lisa M. Calletti_

Service by Private Process Server

## MOTION FOR APPROVAL AND
## APPOINTMENT OF PRIVATE PROCESS SERVER

  COMES NOW Plaintiff, by and through her attorney of record, and for her Motion for Approval and Appointment of Private Process Server, and requests that David Conder of Preserve Investigations, 4740 Candleglow Drive, St. Louis, MO 63129 who is a qualified person to serve process, is not a party and is not less than eighteen (18) years of age, as private process server in the above cause to serve process in this case.

         Respectfully submitted,


           /s/ Edward A. Williams
         Edward Williams MO Bar #35369
         4310 Madison Avenue, Suite 202
         Kansas City, MO 64111
         (816) 421-3400
         FAX (816) 4212420
         ed@edawilliamslaw.com

ATTORNEY FOR PLAINTIFF

## **ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____06-Nov-2020_____     _____
                                        Judge or Clerk



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 2016-CV21796 |
| Plaintiff/Petitioner:<br>JOHNSON TINA | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD ALAN WILLIAMS<br>4310 MADISON AVENUE<br>2ND FLOOR<br>SUITE 202<br>KANSAS CITY, MO  64111 |
| vs. | |
| Defendant/Respondent:<br>QUIKTRIP CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** QUIKTRIP CORPORATION

**Alias:**

RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10-NOV-2020
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                  Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-10294  1  of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:21-cv-00023-LMC   Document 1-1   Filed 01/13/21   Page 17 of 32

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 2016-CV21796 |
|---|---|
| Plaintiff/Petitioner:<br>JOHNSON TINA | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD ALAN WILLIAMS<br>4310 MADISON AVENUE<br>2ND FLOOR<br>SUITE 202<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>QUIKTRIP CORPORATION | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Pers Injury-Other | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

vs.

## Summons in Civil Case

The State of Missouri to: QUIKTRIP CORPORATION
Alias:

RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

### PRIVATE PROCESS SERVER

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>10-NOV-2020</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
*Bonnie Case* (name) *CT Corp Reg Alent Designin* (title).
☐ other _____
Served at *120 South Central Suite 400 St Louis MO 63105* (address)
in *St Louis* (County/City of St. Louis), MO, on *11-12-20* (date) at *10:19* (time).

_____ _____
My *Printed Name of Sheriff or Server* Signature of Sheriff or Server
*Drame Conderlew 379*

March 15, 2023 **Must be sworn before a notary public if not served by an authorized officer:**
St. Louis County Subscribed and sworn to before me on *November 18 2020* (date).
Commission #15390721
My commission expires: *3-15-2023* _____
Date Notary Public

**NOTARY PUBLIC SEAL**
**(Seal)**

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____ |
| Mileage | $ 10.00 |
| | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-10294** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| **TINA JOHNSON**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.    2016-CV21796 |
| | ) | |
| vs. | ) | |
| | ) | |
| **QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT QUIKTRIP CORPORATION'S ANSWER

Defendant QuikTrip Corporation ("QT"), by and through counsel, submits the following Answer to Plaintiff's Petition for Damages:

1.      QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1.

2.      In response to paragraph 2, QT admits it is an Oklahoma corporation that is authorized to conduct business in Missouri. The remaining allegations contain legal conclusions to which a response is not required.

3.      The allegations in paragraph 3 contain legal conclusions to which a response is not required.  To the extent a response is deemed required,  QT  lacks  sufficient  information  or knowledge to admit or deny the allegations and therefore denies the same.

4.      QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 4 and therefore denies the same.

5.      QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 5 and therefore denies the same.

6.      QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 6 and therefore denies the same.

7.     QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 7 and therefore denies the same.

8.     QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8 and therefore denies the same.

9.     QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 and therefore denies the same. QT denies liability for the injuries alleged in paragraph 9.

10.    The allegations in paragraph 10 contain legal conclusions to which a response is not required.  To the extent a response is deemed required, QT lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

11.    The allegations in paragraph 11 contain legal conclusions to which a response is not required.  To the extent a response is deemed required, QT denies that paragraph 11 accurately states the duties imposed on premises owners by Missouri law. QT admits the duties imposed on it by law and denies it breached those duties.

12.    The allegations in paragraph 12 contain legal conclusions to which a response is not required.  To the extent a response is deemed required, QT denies the allegations.

13.    The allegations in paragraph 13 contain legal conclusions to which a response is not required.  To the extent a response is deemed required, QT denies the allegations.

14.    The allegations in paragraph 14 contain legal conclusions to which a response is not required.  To the extent a response is deemed required, denies the allegations.

15.    The allegations in paragraph 15 contain legal conclusions to which a response is not required.  To the extent a response is deemed required, QT denies the allegations.

16.     The allegations in paragraph 16 contain legal conclusions to which a response is not required.  To the extent a response is deemed required, QT denies the allegations.

17.     QT lacks sufficient information or knowledge to admit or deny the third sentence of paragraph 18 (sic). QT denies the remaining allegations in paragraph 18 (sic).

WHEREFORE, QT prays that Plaintiff take nothing by way her Petition for Damages, for its costs expended and incurred herein, and for such further relief as the Court deems just and proper.

## Jury Trial Demand

Defendant QT demands a trial by jury on all issues so triable.

## Affirmative and Additional Defenses

1.     QT denies each and every allegation not specifically admitted herein.

2.     Plaintiff's Petition for Damages fails to state a claim against QT upon with relief can be granted.

3.     If Plaintiff was injured or damaged, which QT denies, to the extent allegations of fault remain as to QT, the fault of Plaintiff and/or other persons or entities involved in the occurrence should be compared and/or apportioned so as to diminish or preclude recovery from QT.

4.     Any injuries or damages sustained by Plaintiff, which QT denies, were directly and/or proximately caused or contributed to by Plaintiff's negligence or fault, including failing to keep a lookout, failing to watch where Plaintiff was walking, failing to observe, appreciate, and/or take caution in response to the weather conditions, failing to take caution in response to wet floor signs, and failing to exercise caution when walking into a store while it was raining outside or shortly after it had stopped raining.

3

5. Plaintiff failed to use ordinary care while present at QT at or near the time of the alleged occurrence and such failure directly caused or contributed to any and/or all of Plaintiff's alleged damages.

6. Plaintiff failed to keep a careful lookout and such failure caused or contributed to any and/or all of Plaintiff's alleged damages.

7. Any injuries or damages sustained by Plaintiff, which QT denies, were directly and/or proximately caused or contributed to by the negligence or fault of other persons or entities not within QT's control.

8. Any injuries or damages sustained by Plaintiff, which QT denies, were not caused or contributed to in any degree by any negligence, fault or wrongdoing on the part of QT or any QT employees.

9. QT contests the nature and extent of Plaintiff's alleged damages.

10. If Plaintiff suffered any damage, which QT denies, such damages and any recovery should be reduced pursuant to Mo. Rev. Stat. § 490.715.

11. QT is entitled to credit in the amount of any settlement Plaintiff receives from any tortfeasor, as such credit constitutes a satisfaction and offset pursuant to Mo. Rev. Stat. § 537.060.

12. If Plaintiff suffered any damages, which QT denies, Plaintiff failed to comply with the procedures in Mo. Rev. Stat. §408.040 and is not entitled to prejudgment interest.

13. If Plaintiff suffered any damages, which QT denies, the alleged defect or hazard was open and obvious and Plaintiff's failure to recognize it directly caused and/or contributed to her alleged damages.

4

14.     If Plaintiff suffered any damages, which QT denies, the alleged defect was open and obvious and Plaintiff assumed any and all risk in going near, on and/or through the alleged defect or hazard.

15.     Plaintiff failed to mitigate her damages.

16.     QT reserves the right to raise additional affirmative defenses as may be learned through discovery.

WHEREFORE having fully answered Plaintiff's Petition for Damages, QT prays for judgment in its favor and for its costs and reasonable attorney's fees and whatever further relief the Court deems just and proper under the circumstances.

ARMSTRONG TEASDALE LLP

By:  */s/ Brian M. Nye*
    Karrie J. Clinkinbeard      #51413
    Brian M. Nye         #69545
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (Facsimile)
    kclinkinbeard@atllp.com
    bnye@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 4, 2020, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

    */s/ Brian M. Nye*
    ATTORNEY FOR DEFENDANT QUIKTRIP
    CORPORATION

5

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| **TINA JOHNSON**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.    2016-CV21796 |
| | ) | |
| vs. | ) | |
| | ) | |
| **QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that ***Defendant QuikTrip Corporation's First Set of Interrogatories to Plaintiff*** and ***Defendant QuikTrip Corporation's First Requests for Production to Plaintiff*** were served, along with this Certificate of Service, via electronic mail (Microsoft Word and PDF Formats) on Friday, December 04, 2020, to:

Edward A. Williams
4310 Madison Avenue, Suite 202
Kansas City, MO  64111
816.421.3400  /  FAX  816. 421.2420
ed@edawilliamslaw.com
*Counsel for Plaintiff*

ARMSTRONG TEASDALE LLP


By:  */s/ Brian M. Nye*
    Karrie J. Clinkinbeard          #51413
    Brian M. Nye                       #69545
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (Facsimile)
    kclinkinbeard@atllp.com
    bnye@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| **TINA JOHNSON**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016-CV21796 |
| | ) | |
| vs. | ) | |
| | ) | |
| **QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ENTRY OF APPEARANCE

COMES NOW, Karrie J. Clinkinbeard of the law firm of ARMSTRONG TEASDALE LLP,

and enters her appearance on behalf of Defendant QuikTrip Corporation in the above-captioned

case.

ARMSTRONG TEASDALE LLP

By: /s/ Karrie J. Clinkinbeard
     Karrie J. Clinkinbeard    #51413
     Brian M. Nye            #69545
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (Facsimile)
     kclinkinbeard@atllp.com
     bnye@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 4, 2020, a true and accurate copy of
the above and foregoing was e-filed with the Court which sent notification to all parties entitled
to service.

/s/ Karrie J. Clinkinbeard
ATTORNEY FOR DEFENDANT QUIKTRIP
CORPORATION

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| **TINA JOHNSON**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.    2016-CV21796 |
| | ) | |
| vs. | ) | |
| | ) | |
| **QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

**COMES NOW** the undersigned attorney for Plaintiff, Tina Johnson, and hereby certifies

that Plaintiff's First Set of Interrogatories Directed to Defendant and Plaintiff's First Request for

Production of Documents, formatted in Word and PDF, were delivered via electronic mail this

22nd day of December, 2020 to:

      Karrie J. Clinkinbeard #51413
      Brian M. Nye #69545
      2345 Grand Boulevard, Suite 1500
      Kansas City, Missouri 64108-2617
      816.221.3420/816.221.0786 (Facsimile)
      kclinkinbeard@atllp.com
      bnye@atllp.com
      ATTORNEYS FOR DEFENDANT


                        Respectfully submitted,


                        /s/ Edward A. Williams
                        Edward A. Williams, MOBAR #35369
                        4310 Madison Avenue, Suite 202
                        Kansas City, MO 64111
                        (816) 421-3400/FAX: (816) 421-2420
                        ed@edawilliamslaw.com
                        ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - December 22, 2020 - 01:54 PM

2

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**TINA JOHNSON**,                )
                                 )
                    Plaintiff,   )     Case No.    2016-CV21796
                                 )
vs.                              )
                                 )
**QUIKTRIP CORPORATION,**        )
                                 )
                    Defendant.   )
                                 )

## ENTRY OF APPEARANCE

COMES NOW, Brian M. Nye of the law firm of ARMSTRONG TEASDALE LLP, and enters

his appearance on behalf of Defendant QuikTrip Corporation in the above-captioned case.

ARMSTRONG TEASDALE LLP

By:  */s/ Brian M. Nye*
     Karrie J. Clinkinbeard          #51413
     Brian M. Nye                    #69545
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (Facsimile)
     kclinkinbeard@atllp.com
     bnye@atllp.com

     ATTORNEYS FOR DEFENDANT
     QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 23, 2020, a true and accurate copy of
the above and foregoing was e-filed with the Court which sent notification to all parties entitled
to service.

     */s/ Brian M. Nye*
     ATTORNEY FOR DEFENDANT QUIKTRIP
     CORPORATION

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

TINA JOHNSON,                          )
                                       )
                    Plaintiff,         )
                                       )     Case No.    2016-CV21796
                                       )
vs.                                    )
                                       )
QUIKTRIP CORPORATION,                  )
                                       )
                    Defendant.         )
                                       )

## CERTIFICATE OF SERVICE

COMES NOW the undersigned counsel for Plaintiff, Tina Johnson, and hereby certifies that Plaintiff's Answer to Defendant QuikTrip Corporation's First Set of Interrogatories, and Plaintiff's Response to Defendant QuikTrip Corporation's First Requests for Production, were delivered this 4th day of January, 2021 via electronic mail/transfer to:

Karrie J. Clinkinbeard
Brian M. Nye
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
kclinkinbeard@atllp.com
bnye@atllp.com

Respectfully submitted,


 /s/ Edward A. Williams
Edward A. Williams MO Bar #35369
4310 Madison Avenue, Suite 202
Kansas City, MO 64111
(816) 421-3400
FAX (816) 4212420
ed@edawilliamslaw.com
ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**TINA JOHNSON**,                                   )
                                                    )
               Plaintiff,     )
                                                    )   Case No.   2016-CV21796
                                                    )
vs.                                                 )
                                                    )
**QUIKTRIP CORPORATION,**                           )
                                                    )
               Defendant.     )
                                                    )

## CERTIFICATE OF SERVICE

On January 5, 2021, Defendant QuikTrip Corporation served the following on Plaintiff's counsel via electronic mail:

1.      Defendant QuikTrip Corporation's Objections and Responses to Plaintiff's First Set of Interrogatories;

2.      Defendant QuikTrip Corporation's Objections and Responses to Plaintiff's First Request for Production of Documents;

3.      Audio Recordings Bates-Labeled QT 2 & QT 3; and

4.      Production Documents Bates-Labeled QT 0004 – QT 0005.

QuikTrip further certifies that it served QT 1 (a video thumbdrive) via regular U.S. Mail on January 4, 2021.

ARMSTRONG TEASDALE LLP


By: */s/ Brian M. Nye*
     Karrie J. Clinkinbeard     #51413
     Brian M. Nye         #69545
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (Facsimile)
     kclinkinbeard@atllp.com
     bnye@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that on January 5, 2021, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

*/s/ Brian M. Nye*
ATTORNEY FOR DEFENDANT QUIKTRIP
CORPORATION
